IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRETT FOUNTAIN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 6:22-CV-00431-JDK-KNM |
| CLIFFORD WAYNE THOMAS, WOOD | § | |
| COUNTY CRIMINAL DISTRICT | § | |
| ATTORNEY'S OFFICE, and ANGELA | § | |
| LEA ALBERS, | § | |
| | § | |
| *Defendants.* | § | |

## REPORT & RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Dismiss (Doc. No. 11), as filed on December 1, 2022. Defendant seeks dismissal of Plaintiff's Complaint (Doc. No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**.

## BACKGROUND

This matter arises out of a criminal proceeding in Wood County, Texas.[1] Plaintiff alleges that special prosecutor Clifford Thomas ("Thomas")[2] "pretended a controversy had been lawfully brought" against him in Wood County and "pretended he was the elected criminal district attorney of Wood County[.]"[3] Plaintiff further alleges that he suffered civil rights violations due to Thomas's misrepresentations in open court[4] and that these lies are part of an "ongoing criminal

---

[1] *See The State of Texas v. Brett Marshall Fountain*, Cause No. T22-0519-2, Ord. and Judgment of Conviction, Def.'s Exs. A and B, Doc. Nos. 11-1 and 11-2; *see also* Compl., Doc. 1, ¶¶ 2–4.
[2] *See The State of Texas v. Brett Marshall Fountain*, Cause No. T22-0519-2, Ord., Def.'s Ex. A, Doc. No. 11-1.
[3] Compl., Doc. No. 1 at ¶ 2.
[4] (Compl., Doc. No. 1 at ¶¶ 30–98)

1

conspiracy for fraud or extortion, via barratry and perjury" by Defendants Thomas, Angela Albers ("Albers"), and the Wood County District Attorney's Office.[5]

## PROCEDURAL BACKGROUND

Plaintiff initiated this action on November 4, 2022, by filing a Complaint alleging violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against the Wood County District Attorney's Office, Angela Albers, and Clifford Thomas.[6] The case was referred to Magistrate Judge K. Nicole Mitchell on November 4, 2022, pursuant to 28 U.S.C. § 636(c).[7] Defendants filed the instant Motion to Dismiss on December 1, 2022.[8] Plaintiff filed his Response on December 9, 2022 (Doc. No. 20), and Defendants filed their Reply on December 16, 2022 (Doc. No. 24).

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court credits allegations in plaintiff's complaint as true except to the extent allegations are controverted by a defendant's affidavits. *Nunes v. NBCUniversal Media, LLC*, 2022 U.S. Dist. LEXIS 16164, at *4-5 (E.D. Tex. 2022). The Court does not need to credit conclusory allegations, even when uncontroverted. *Applied Food Scis., Inc. v. New Star 21, Inc.*, 2009 WL 9120113, at *2 (W.D. Tex. 2009) (citing *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001)).

The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's

---

[5] Compl., Doc. No. 1 at ¶ 16.
[6] Compl., Doc. No. 1.
[7] Doc. No. 2.
[8] Mot. to Dismiss, Doc. No. 11.

complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level" (internal citations omitted). *Id.* In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a claim for which relief can be granted. *Iqbal*, 556 U.S. at 663.

## ANALYSIS

Defendants assert that Plaintiff's action must be dismissed for three reasons. First, Defendants state that Plaintiff's claim against Wood County District Attorney's Office fails because a district attorney's office lacks a separate legal existence.[9] Second, Defendants state that Defendants Angela Albers and Clifford Thomas are entitled to prosecutorial immunity.[10] Third, Defendants assert that Plaintiff's claims are precluded by *Heck v. Humphrey*.[11]

### I. Plaintiff's Suit Against Wood County District Attorney's Office

Defendants state that Plaintiff's suit against the Wood County District Attorney's Office must be dismissed because Wood County District Attorney's Office is not a separate legal entity capable of suing or being sued.[12] Plaintiff concedes that Wood County District Attorney's Office lacks the capacity to sue and be sued.[13] Therefore, Plaintiff attempts to "substitute" "Wood County" in place of Wood County District Attorney's Office.[14]

---

[9] Mot. to Dismiss, Doc. No. 11 at 3.
[10] *Id.* at 3–5.
[11] *Id.* at 6; *see* 512 U.S. 477, 114 S.Ct. 2364 (1994).
[12] Mot. to Dismiss, Doc. No. 11 at 3.
[13] Pl.'s Resp., Doc. No. 20 at ¶¶ 11–12.
[14] *Id.* at ¶ 11.

3

In order for a plaintiff to sue a city department, it must enjoy a separate legal existence. *Darby v. Pasadena Polic Dept.*, 939 F.2d 311, 313 (5th Cir. 1991) (quotations omitted). The district attorney's office does not enjoy a separate legal existence. *Merisier v. Johnson County, Texas*, No. 4:20-CV-00520-SDJ-CAN, 2021 WL 1705624, at *4 (E.D. Tex. Jan. 31, 2021). Federal courts in Texas have consistently affirmed that district attorney's offices do not have a jural existence. *Id.* (citing *Delta Fuel Co., Inc. v. Maxwell*, 485 F. Appx 685, 686-87 (5th Cir. 2012) (affirming the dismissal of a § 1983 claim against a district attorney's office as a non-jural entity)). Because the Wood County District Attorney's Office is not a jural entity, Plaintiff's claim against it must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Delta Fuel Co., Inc.*, 485 F. Appx at 686-87.

Assuming *arguendo* that Plaintiff had sued "Wood County" rather than Wood County District Attorney's Office, Plaintiff still fails to state a plausible claim against "Wood County." For a § 1983 claim, a plaintiff must show that his constitutional rights were violated. *See Hartman v. Walker*, No. CV 1:13-CV-355, 2015 WL 5470261 (E.D. Tex. Sept. 16, 2015), *aff'd,* 685 F. App'x 366 (5th Cir. 2017). Here, Plaintiff does not factually allege how his constitutional rights were violated by being criminally prosecuted for the misdemeanor traffic violation of speeding. Plaintiff alleges that Thomas "lied" in open court as a "routine part of Wood County's ongoing criminal enterprise to deprive people's rights via a pattern of racketeering activity."[15] Plaintiff's conclusory statements are insufficient to factually allege a violation of his constitutional rights.

Moreover, a governmental entity, such as Wood County, can only be determined to be liable under § 1983 if the entity itself causes the constitutional violation at issue. *See Carlson v. City of Austin Police Dept.*, No. A-10-CS-130-LY, 2010 WL 4918732, at *7 (W.D. Tex. Nov. 22,

---

[15] Pl.'s Resp., Doc. No. 20 at ¶ 5; Compl., Doc. No. 1 at ¶ 3.

4

2010) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978)). "To recover a judgment against a local governmental entity under § 1983, a plaintiff must establish that he sustained a deprivation of a constitutional right *as a result of* some official policy, practice, or custom of that governmental entity." *Id.* (emphasis added). Plaintiff has not factually alleged a Wood County policy, practice, or custom that resulted in any of Plaintiff's alleged violations of constitutional rights. Accordingly, Plaintiff's claims against the Wood County District Attorney's Office and Wood County must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Plaintiff's Suit Against District Attorney Albers and Special Prosecutor Thomas

Defendants state that Plaintiff's claims must be dismissed because Albers and Thomas are entitled to absolute prosecutorial immunity.[16] Albers is the elected District Attorney for Wood County.[17] Thomas is the special prosecutor for the Wood County District Attorney's Office responsible for prosecuting Plaintiff's misdemeanor traffic violation.[18] Plaintiff insists that his claims against Albers and Thomas do not challenge Defendants' prosecutorial roles, but rather focus on the "criminal acts" allegedly committed during and related to his prosecution.[19] According to Plaintiff, Thomas committed multiple acts of "aggravated perjury"[20] and "false personation of Albers"[21] as part of "a routine part of Wood County's ongoing criminal enterprise to deprive people's rights via a pattern of racketeering activity."[22]

Under the doctrine of prosecutorial immunity, a prosecutor is absolutely immune in a civil rights lawsuit for any action taken in connection with a judicial proceeding (quotations omitted).

---

[16] Mot. to Dismiss, Doc. No. 11 at 3–5; Def.'s Reply, Doc. No. 24 at ¶ 2.
[17] *Id.* at 3; Compl., Doc. No. 1 at ¶ 14.
[18] *Id.*; *see State of Texas v. Brett Fountain*, Cause No. T22-0519-2, Ord. of Oct. 6, 2022, Pl.'s Ex. A, Doc. No. 11-1 at 1.
[19] *See* Pl.'s Resp., Doc. No. 20 at ¶¶ 1, 3, 9, 10.
[20] (*id.* at ¶ 9)
[21] (*id.* at ¶ 5)
[22] *Id.* at ¶ 5.

5

*Perkins v. Pamerleau et al.*, No. SA-16-CA-75-RP, 2016 WL 815356, at *3 (W.D. Tex. Feb. 29, 2016). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.*; *see Kalina v. Fletcher*, 522 U.S. 118, 128-29 (1997) (holding a prosecutor is absolutely immune in connection with the initiation of a criminal proceeding except when personally acting as a complaining witness); *Brown v. Lyford*, 243 F.3d 185, 191 (5th Cir. 2001) (holding a prosecutor pro tem absolutely immune for conduct before the grand jury), *cert denied*, 534 U.S. 817 (2001).

According to Plaintiff, all allegations in his Complaint occurred in open court or in direct connection to Plaintiff's prosecution in a Wood County Justice of the Peace Court.[23] Special Prosecutor Thomas was authorized to act on behalf of the Wood County District Attorney's Office in prosecuting Plaintiff.[24] Therefore, Defendant Thomas is entitled to prosecutorial immunity for his conduct in prosecuting Plaintiff's criminal case. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993) (holding a prosecutor absolutely immune in a civil rights lawsuit for actions taken in connection with a judicial proceeding). "Actions undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State are entitled to the protection of absolute immunity." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Buckley*, 509 U.S. at 272); *see also Carlson*, 2010 WL 4918732, at *10.

Plaintiff's claims against Albers, specifically, are unclear. Plaintiff states that "Albers suborns perjury and commits fraud upon the court by knowingly allowing a patently unauthorized individual to falsely impersonate an authorized individual in the courtroom[.]"[25] Defendants state

---

[23] *See* Compl., Doc. No. 1 at ¶¶ 30-98.
[24] *See State of Texas v. Brett Fountain*, Cause No. T22-0519-2, Ord. of Oct. 6, 2022, Def.'s Ex. A, Doc. No. 11-1 at 1.
[25] Compl., Doc. No. 1 at ¶ 106.

that when a district attorney appoints a special prosecutor, the special prosecutor operates under the supervision of the district attorney, and the district attorney is ultimately responsible for the special prosecutor's actions (citing *State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex. Crim. App. 1993) (Clinton, J., concurring)). Therefore, according to Defendants, Albers' conduct in appointing Thomas is prosecutorial, and Albers is protected by prosecutorial immunity.[26]

To the extent Plaintiff suggests that Albers lacks the authority to appoint a special prosecutor, Plaintiff's argument fails. A special prosecutor is appointed by the district attorney and remains under her supervision and control. *Delapaz v. State*, 228 S.W.3d 183, 195-96 (Tex. App.—Dallas 2007, pet. ref'd) (citing *State v. Rosenbaum*, 852 S.W.2d at 529); *see* Tex. Code Crim. Proc. Ann. Art. 2.01. "Court approval for a special prosecutor is not required because the ultimate responsibility for the special prosecutor's actions remains with the elected district attorney." *Coleman v. State*, 246 S.W.3d 76, 82 n.19 (Tex. Crim. App. 2008). A special prosecutor is an attorney who is not part of the district attorney's office but who is enlisted to assist the district attorney in a particular case. *White v. State*, No. 02-12-00087-CR, 2013 Tex. App. LEXIS 10369, at *13 (Tex. App.—Fort Worth Aug. 15, 2013, no pet.) (citing *Haywood v. State*, 344 S.W.3d 454, 461 (Tex. App.—Dallas 2011, pet. ref'd)). As such, Albers was entitled to appoint a special prosecutor to assist in prosecuting Plaintiff's case. Because this action is related to the initiation or carrying out of Plaintiff's criminal case, Albers is protected from suit by prosecutorial immunity.

Accordingly, Plaintiff's claims against Thomas and Albers must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because both are covered by prosecutorial immunity for their conduct in prosecuting Plaintiff's criminal case.

---

[26] Def.'s Reply, Doc. No. 24 at ¶ 2.

### III. Applicability of *Heck v. Humphrey*

Defendants state that Plaintiff's claims are precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).[27] Defendants assert that because Plaintiff was tried and convicted for the traffic charge, "a judgment in favor of the plaintiff on his due process claims would necessarily imply the [in]validity of his sentence."[28] Further, Defendants state that since Plaintiff has not demonstrated that his sentence has been reversed on direct appeal or otherwise determined to be invalid, Plaintiff is barred from recovery on these claims.[29] Plaintiff argues that his claims do not challenge the validity of any conviction, so *Heck v. Humphrey* is not on point.[30] Plaintiff insists that the action "challeng[es] the fact that crimes were committed by Thomas, that those crimes deprived Plaintiff of inherent and constitutionally protected rights, and that the challenged criminal conduct of Thomas was the de facto policy or custom for a whole prosecutorial office."[31,32]

In *Heck v. Humphrey*, the Supreme Court held that

> no cause of action exists under § 1983 for plaintiffs who bring civil rights actions for allegedly unconstitutional convictions or imprisonment, or otherwise collaterally attacking the constitutionality of the convictions that form the basis of their incarceration, *unless* the state prisoner can show that the state criminal conviction he is collaterally attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so.[33]

---

[27] Mot. to Dismiss, Doc. No. 11 at 6; Def.'s Reply, Doc. No. 24 at ¶ 4.
[28] *Id*. (citing *Heck*, 512 U.S. at 487).
[29] *Id*.
[30] Pl.'s Resp., Doc. No. 20 at ¶¶ 15-19.
[31] *Id*. at ¶ 18.
[32] Plaintiff also alleges that "that Albers is the moving force behind the pattern of criminal conduct." *Id*. at ¶ 18.
[33] *Mallory v. Mims*, No. 4:18-CV-00831-ALM-CAN, 2020 WL 8084345, at *4 (E.D. Tex. Nov. 17, 2020) (quoting *Henry v. Kerr Cty., Tex.*, No. SA:16-CV-284-DAE-PMA, 2016 WL 2344231, at *5 (W.D. Tex. May 2, 2016) (citing *Heck*, 512 U.S. at 477)).

*Heck v. Humphrey* also applies "where a plaintiff seeks injunctive or declaratory relief which, if granted, would necessarily imply that the state conviction is invalid."[34]

Although Plaintiff states that this action is not challenging the validity of his conviction in Cause No. T22-0519-2, the actions and statements of special prosecutor Thomas that Plaintiff complains of were undertaken in open court during Plaintiff's prosecution in Cause No. T22-0519-2.[35] The basis of Plaintiff's Complaint is that Plaintiff was prosecuted due to Thomas's multiple acts of "perjury"[36] and Thomas's "pretend[ing] a controversy had been lawfully brought."[37] Accordingly, a grant of relief in Plaintiff's favor for a violation of his rights in being prosecuted would necessarily imply that the state conviction is invalid. *See Mallory*, 2020 WL 8084345, at *4. As such, Plaintiff's action is precluded by *Heck v. Humphrey*.

## IV. Plaintiff's §§ 1985, 1986, and 1988 Claims

In addition to Plaintiff's § 1983 claim, Plaintiff also alleges claims under 42 U.S.C. §§ 1985, 1986, and 1988.

Section 1985 provides a private civil remedy for persons injured by a conspiracy carried out for the purpose of depriving a person of equal protection of the laws or of equal privileges and immunities. *United Bhd. of Carpenters and Joiners of Am. v. Scott,* 463 U.S. 825, 828-829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983) (citing *Griffin v. Breckenridge,* 403 U.S. at 102-103 (1971)). Section 1985 also requires that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102. Despite stating

---

[34] *Mallory*, 2020 WL 8084345, at *4 (quoting *Melendez v. Gutierrez*, No. EP-11-CV-136-PRM-DCG, 2011 WL 3847136, at *4 (W.D. Tex. July 26, 2011), *report and recommendation adopted*, No. EP-11-CV-136-PRM, 2011 WL 3846835 (W.D. Tex. Aug. 30, 2011)).
[35] *See* Compl., Doc. No. 1 at ¶¶ 30-98.
[36] (Doc. No. 1 at ¶¶ 2, 3, 4)
[37] (Doc. No. 1 at ¶ 2)

9

that there is an "ongoing criminal conspiracy for fraud or extortion, via barratry and perjury,"[38] Plaintiff pleads no facts in support of these statements.[39]

Title 42 U.S.C. § 1986 is targeted at punishing those who aid and abet violations of § 1985. Because Plaintiff has failed to state a claim under § 1985, Plaintiff's § 1986 claim also fails. *See Arvie v. Vidrine*, No. 6:21-1387, 2021 U.S. Dist. LEXIS 196744, at *9 (W.D. La. Sept. 22, 2021); *see also Mandawala v. Northeast Baptist Hosp.*, 16 F.4th 1144, 1155 (5th Cir. 2021). In addition, § 1988 allows a court in its discretion to award reasonable attorney's fees to the prevailing party in civil rights actions under §§ 1981, 1982, 1983, 1985, and 1986. 42 U.S.C. § 1988(b). Plaintiff's failure to state any claims under §§ 1983, 1985, or 1986 renders § 1988 inapplicable.

Plaintiff has failed to state claims under §§ 1983, 1985, 1986, and 1988.[40] Accordingly, Plaintiff's claims must be dismissed.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Dismiss (Doc. No. 11) be **GRANTED** and that Plaintiff's Complaint (Doc. No. 1) be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[38] (Compl., Doc. No. 1 at ¶ 16)
[39] *See* Doc. Nos. 1 and 20 *generally*.
[40] Recitals of the elements of a cause of action and conclusory statements do not suffice as plausibly stating a claim for relief. *See Iqbal*, 556 U.S. at 663.

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 10th day of January, 2023.

*(signature)*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE