IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRETT FOUNTAIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-431-JDK-KNM |
| | § | |
| CLIFFORD WAYNE THOMAS, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Brett Fountain, proceeding pro se, brings this civil rights lawsuit alleging violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against the Wood County District Attorney's Office, Angela Albers, and Clifford Thomas. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 11.

On January 10, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court grant Defendants' motion to dismiss and dismiss Plaintiff's claims with prejudice. Docket No. 29. Plaintiff timely objected. Docket No. 33.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff's objections appear to fall into the following four categories: (1) involvement of a magistrate judge rather than an Article III judge; (2) the constitutionality of imposing a page limit on Plaintiff's objections; (3) insistence that Defendants have never answered in the case because counsel did not file a notice of appearance; and (4) a reiteration of Plaintiff's arguments from his response to Defendants' motion to dismiss. The Court will address each category in turn.

*First*, this case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b). A party has no right to have his case heard by a district judge of his choosing. *Brown v. U.S.*, 116 Fed. Appx. 526, 527 (5th Cir. 2004); *see also* 28 U.S.C.A. § 137(a).

*Second*, a district court has discretion to adopt local rules, and those rules have the force of law. *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010). Therefore, in its discretion, the Court may impose a page limit for objections to a magistrate judge's report and recommendation pursuant to Local Rule CV-72(c).

*Third*, filing motions in a case on a party's behalf is sufficient to establish an attorney's appearance on behalf of that party. *See Tamayac v. Garland*, 2022 WL 3370801, at *2 (5th Cir. Aug. 16, 2022); *Morrow v. Morrow*, 2016 WL 9709531, at *4 (E.D. Tex. Feb. 22, 2016) ("In the Eastern District of Texas, the attorney signing a party's first filing as lead attorney is considered to have made an appearance and will be listed as the lead attorney on the docket sheet.").

*Fourth*, Judge Mitchell's Report adequately addressed the arguments Plaintiff made in his reply. The Court finds the rehashing of these arguments as objections without merit. Furthermore, the Court notes that objections that simply rehash or mirror the underlying claims addressed in the Report are not entitled to de novo review. *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 29) as the opinion of the District Court. The Court **GRANTS** Defendants' motion to dismiss (Docket No. 11) and **DISMISSES** Plaintiff's claims with prejudice.

So **ORDERED** and **SIGNED** this **16th** day of **February, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE