IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRETT FOUNTAIN, | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | |
| CLIFFORD WAYNE THOMAS, et al., | | CASE NO. 6:22-CV-00431-JDK-KNM |
| *Defendants.* | | |

**REPORT & RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brett Fountain, proceeding pro se, brings this civil rights lawsuit alleging violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against the Wood County District Attorney's Office, Angela Albers, and Clifford Thomas. Before the Court is Plaintiff's Rule 60 Motion for Relief from Judgment or Order (Doc. No. 38). Defendants filed a response (Doc. No. 39). This case was previously referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636. Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** that Plaintiff's Rule 60 Motion for Relief from Judgment or Order (Doc. No. 38) be **DENIED**.

**BACKGROUND**

On February 16, 2023, the Court dismissed Plaintiff's complaint with prejudice. Doc. No. 35. Plaintiff appealed that dismissal, and the Fifth Circuit affirmed. *See* Doc. No. 42. On March 20, 2023, Plaintiff moved for relief from judgment under Rule 60(b). Doc. No. 38.

**STANDARD OF REVIEW**

Pursuant to Rule 60(b), the grounds for seeking relief from judgment include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief pursuant to Rule 60 is considered an extraordinary remedy and "the desire for a judicial process that is predictable mandates caution in reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). The Rule 60(b) burden of proof rests upon the movant to establish that he or she is entitled to an exception from the court's earlier judgment. *United States v. Harrison Cnty., Miss.*, 463 F.2d 1328, 1330 (5th Cir. 1972). District courts have considerable discretion in determining whether the movant has met this burden. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

**ANALYSIS**

Plaintiff seeks reconsideration of the dismissal of the case on Defendants' motion to dismiss.[1] Plaintiff argues that Rule 60(b) relief should be granted for three reasons. First, Plaintiff contends that the judgment is void under Rule 60(b)(4) because it was "rendered based on recommendations of an unauthorized individual and without the requisite proceedings and evidentiary hearings."[2] Second, Plaintiff argues that the opposing party engaged in misrepresentation and misconduct, which weighs in favor of vacating the judgment under rule

---

[1] Doc. No. 38 at 1.
[2] *Id.*

60(b)(3).[3] Lastly, Plaintiff argues that the judgment is void under Rule 60(b)(1) because the judgment was based on mistake.[4]

To succeed on a motion for relief from judgment, a party must show unusual or unique circumstances and not merely a disagreement with the court's decision. *See Cypress Engine Accessories, LLC v. HDMS Limited Company*, 283 F. Supp. 3d 580, 585 (S.D. Tex. Oct. 6, 2017). Plaintiff has not satisfied this burden. Plaintiff's motion raises no new legal arguments or new facts. None of Plaintiff's arguments for relief from the final judgment show unusual or unique circumstances.

Plaintiff's argument that the judgment is void under Rule 60(b)(4) because the case was referred to a magistrate judge is without merit. Under Rule 60(b)(4), a federal court may set aside civil judgments in two circumstances: (1) if the district court lacked personal or subject matter jurisdiction; or (2) if the district court acted in a manner inconsistent with due process of law. *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). Plaintiff's argument that the judgment is void because it was rendered "based on recommendations of an unauthorized individual" was already addressed by the Order Adopting the Report and Recommendation.[5] This case was properly referred to the undersigned pursuant to 28 U.S.C. § 636(b).[6]

Plaintiff's argument that the judgment is void under Rule 60(b)(3) also fails. His conclusory allegations do not carry the heavy burden that Rule 60(b)(3) imposes: Plaintiff must show by clear and convincing evidence that the opposing party obtained a final judgment through fraud, misrepresentation, or other misconduct. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978). The decision whether to grant or deny a Rule 60(b) motion lies within the sound

---

[3] *Id.*
[4] *Id.*
[5] Doc. No. 35 at 2.
[6] Doc. No. 2.

discretion of the trial judge. *Hesling v. CSX Transportation, Inc*., 396 F.3d 632, 638 (5th Cir. 2005). To succeed, Plaintiff must show: (1) that Defendant engaged in fraud or other misconduct, and (2) that this misconduct prevented Plaintiff from fully and fairly presenting his case. *Id*. at 641.

Here, Plaintiff has not met his burden of proving by clear and convincing evidence that Defendants obtained a verdict through fraud, misrepresentation, or other misconduct. Plaintiff presents no credible evidence to support his conclusory allegation that the opposing party engaged in misrepresentation and misconduct and does not argue that he was prejudiced by any alleged misconduct or misrepresentation.[7]

Lastly, Plaintiff's argument that the Court should grant relief from final judgment because of mistake also fails. Judicial legal errors may be considered "mistakes" for purposes of Rule 60(b)(1). *Kemp v. United States*, 596 U.S. 528, 539 (2022). However, the judicial error must be a "fundamental misconception of the law," and not merely an erroneous ruling. *See Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 695 (5th Cir. 1983) (internal quotation marks and citation omitted). A motion for relief under Rule 60(b)(1) is "not a substitute for the ordinary method of redressing judicial error—appeal." *Id.* at 696.

Plaintiff argues that relief should be granted under Rule 60(b)(1) because of judicial mistake.[8] Plaintiff alleges the District Court made mistakes by "failing to uphold the US Constitution, follow the US Code, and comply with the federal and local rules, and by making recommendations without any finding of facts or evidentiary hearings, and by adopting and accepting inadmissible testimony of a magistrate as fact."[9] Plaintiff's extremely broad accusation that the District Court did not uphold the U.S. Constitution and U.S. Code or comply with the

---

[7] *See* Doc. No. 38 at 1.
[8] Doc. No. 38 at 1.
[9] Doc. No. 38 at 1.

federal and local rules does not establish judicial legal error. Plaintiff does not allege that the Court has committed an error constituting a "fundamental misconception of the law," or even articulate what the specific error was, beyond pointing to the entire U.S. Constitution and U.S. Code.

Plaintiff's argument that it was judicial error to "accept inadmissible testimony of a magistrate as fact" constitutes a rehashing of arguments presented to the court in Plaintiff's objections to the Report and Recommendation. As mentioned above, this case was properly referred to the undersigned pursuant to 28 U.S.C. § 636(b).[10] Lastly, it was not judicial error for the Court to enter a final judgment without an evidentiary hearing because Plaintiff did not show he could assert any viable claims even if he was given an opportunity for additional factual development.

## RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Rule 60 Motion for Relief from Judgment or Order (Doc. No. 38) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

---

[10] Doc. No. 2.

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 26th day of January, 2024.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE